05-5338-pr
Murray v. Sudolnik

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand ten.

PRESENT:

> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges,*
> PAUL A. CROTTY,[*]
> > *District Judge.*

_____

Joel Murray,
> *Plaintiff-Appellant,*

-v.-                                                           05-5338-pr

Johnson #260, Capt. Bonalla, #854, Department of Corrections, New York City, Howard Robertson,
> *Defendants-Appellees,*

Hon. Joan Sudolnik,
> *Defendant.*

_____

[*] The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:          Joel Murray, Marcy, New York, *pro se*.

FOR APPELLEES:          Jane L. Gordon, Senior Counsel, Appeals Division, City of New York Law Department, New York, New York.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the district court judgment is **AFFIRMED**.

Plaintiff-Appellant Joel Murray, *pro se*, appeals from the August 5, 2005 judgment of the United States District Court for the Southern District of New York (Casey, J.) granting summary judgment to the Defendants-Appellees. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

In a previous order, this Court dismissed Murray's claims against two of the Defendants-Appellees, Howard Robertson and the Department of Correction, and all of his claims except for: (1) Murray's deliberate indifference claim with respect to the authorities' failure to handcuff him in front of his body despite his use of a cane; and (2) Murray's excessive force claim. *See* Order, July 7, 2007. We review an order granting summary judgment *de novo*, focusing on whether the district court properly concluded that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).

In this case, Murray cannot maintain a deliberate indifference claim based on his rear cuffing

2

against Terrance Johnson and Alphonso Bonilla, because Murray does not allege that they played any role in his being rear cuffed and later falling from the bus. As for Murray's claim against New York City, the City may not be held liable under 42 U.S.C. § 1983 unless the actions allegedly constituting deliberate indifference were performed pursuant to some official municipal policy, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), or were "directed by those who establish governmental policy," *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). Both Murray's deposition testimony and the clinic's report of the incident indicate that the clinic was ready and willing to reevaluate Murray's rear-cuff status upon his return from court, and Murray provides no reason to believe that he could not have had his status reevaluated prior to the morning of November 15, 1999, had he not waited until just before his departure to seek permission to be front cuffed. Thus, Murray fails to show an official policy or directive that caused the medical staff or prison guards unreasonably to refuse to relax the red-card restraints that were by all accounts justifiably imposed on Murray. As a result, Murray's deliberate indifference claim against the City was properly dismissed on summary judgment.

Turning to Murray's excessive force claim, we conclude that this cause of action also fails to withstand summary judgment. "[T]he right of pretrial detainees to be free from excessive force amounting to punishment is protected by the Due Process Clause of the Fourteenth Amendment." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). As due process requires that pretrial detainees not be punished, *Bell*, 441 U.S. at 536 n.16, the issue for excessive force claims by pretrial detainees is "whether particular restrictions and conditions accompanying pretrial detention amount to punishment in the constitutional sense of that word," *id.* at 538. Our inquiry is informed by the Supreme Court's analysis of excessive force under

3

the Eighth Amendment in *Hudson v. McMillian*, 503 U.S. 1 (1992), which "is applicable to excessive force claims brought under the Fourteenth Amendment as well." *Walsh*, 194 F.3d at 48. *Hudson* provides that one subjective and one objective condition must be satisfied to establish an excessive force claim. *Id.* at 49. The subjective condition is satisfied by showing that the defendant had a "sufficiently culpable state of mind" — the core inquiry being "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7-8; *accord Walsh*, 194 F.3d at 49-50. To satisfy the objective condition, one must show that the resulting harm or deprivation was sufficiently serious. *Walsh*, 194 F.3d at 50. With respect to this element, *Hudson* makes clear that "a claim of excessive force may be established even if the victim does not suffer 'serious' or 'significant' injury, provided that the amount of force used is more than '*de minimis*,' or involves force that is 'repugnant to the conscience of mankind.'" *Id.* at 47-48 (citations omitted) (quoting *Hudson*, 503 U.S. at 7-10).

Applying these standards, we conclude that this claim, too, was properly dismissed. Murray's recollection of the van/bus transfer is so limited and conclusory that his allegation of excessive force during that event necessarily relies on "mere speculation or conjecture." *Howard v. Gleason*, 901 F.2d 1154, 1159 (2d Cir. 1990) (quoting *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986)); *see also Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005). Accordingly, for substantially the reasons set forth in Magistrate Judge Dolinger's opinion, we agree that this claim cannot withstand summary judgment.

Because our previous order disposed of the rest of the claims raised in Murray's case, we affirm the district court's decision in its entirety. All arguments not otherwise discussed in this summary order are found to be moot or without merit.

4

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk